IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SIEG, <br> 232 Cross Keys Road <br> Berlin, NJ 08009 <br>    Plaintiff <br> <br> v. <br> <br> THE HARTFORD LIFE AND <br> ACCIDENT INSURANCE <br> COMPANY <br> 1515 Market Street <br> Philadelphia, PA 19102 <br>    Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : NO.: |

**COMPLAINT**

NOW COMES, the Plaintiff, Christopher Sieg, by and through his Counsel, Pond, Lehocky, & Giordano, LLP, and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as " The Hartford"), as follows:

**I.   STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II. VENUE:

2. All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2).

## III. FACTS:

3. The Plaintiff, Christopher Sieg, is an adult and competent individual with a physical address of 232 Cross Keys Road, Berlin, NJ 08009.

4. The Defendant, The Hartford, under information and belief, is a business entity with a business address located at 1515 Market Street, Philadelphia, 19102 with a corporate headquarters 1 Hartford Plaza, Hartford, CT 06155.

5. The Hartford is a business entity, which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, The Hartford, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, Ardagh Glass, Inc.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on

behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of him under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by The Hartford to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with The Hartford on June 20, 2021.

12. By correspondence date January 3, 2022, The Hartford notified the Plaintiff that his claim was denied.

13. The Plaintiff filed an administrative appeal and submitted additional medical records, opinions of his treating doctors in support of his claim.

14. By correspondence dated August 5, 2022, the Defendant denied the Plaintiff's claim.

15. The Hartford acted arbitrarily, capriciously, in a manner serving only its own business interest and in direct violation of ERISA when it denied the Plaintiff's claim for disability benefits.

16. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as he has satisfied through medical evidence that he meets the definition of disability and provided sufficient proof of loss to the Hartford.

17. The Plaintiff is entitled to recover the benefits due to him under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

18. As a direct and proximate result of the actions of The Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

19. As a direct and proximate result of the actions of The Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from June 20, 2021 until the present and continuing into the future.

WHEREFORE, the Plaintiff, Christopher Sieg, respectfully requests that judgment be entered against The Hartford as follows:

1. Ordering The Hartford to pay to the Plaintiff, Christopher Sieg, long term disability insurance benefits from June 20, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Christopher Sieg, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire
PA Bar ID No.: 93024

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@PondLehocky.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER SIEG, :
         Plaintiff :
  :
v. :
  :
THE HARTFORD LIFE AND :
ACCIDENT INSURANCE :
COMPANY :
         Defendant : NO.:

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the Plaintiff and all other parties, a Case Management Track Description Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2    ( )

(d) Asbestos– Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

_8/26/22_        _Michael J. Parker_        _Christopher Sieg_
Date         Attorney-at-law        Attorney For Plaintiff

_215-568-7500_     _215-586-3174_     _Mparker@Pondlehocky.com_
Telephone        FAX number        E-Mail Address